# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

PETER MARES,

Plaintiff,

-vs-

UNITED STATES OF AMERICA, THE UNITED
STATES CUSTOM AND BORDER PROTECTION,
JANET NAPOLITANO *Secretary of the Department
of Homeland Security,* JOHN SANDWEG *General
Counsel of the Department of Homeland Security*,
ALFONSO ROBLES *Chief Counsel of the Customs
and Border Protection Agency*, THOMAS S. WIN-
KOWSKI*, Deputy Commissioner of the Customs
and Border Protection Agency*, J. BELL *Border Pa-
trol Agent*, Z. MEVIOR *Border Patrol Agent*, M. DI-
ON *Border Patrol Agent*, and JOHN AND JANE
DOES 1–10,

Defendants

DECISION AND ORDER

13-CV-6187-CJS

---

## APPEARANCES

For Plaintiff:               Jose Enrique Perez, Esq.
                             120 East Washington Street Suite 925
                             Syracuse, NY 13202
                             (315) 422-5673

For Defendants:              Michael S. Cerrone, A.U.S.A.
                             United States Attorney's Office
                             Federal Centre
                             138 Delaware Avenue
                             Buffalo, NY 14202
                             (716) 843-5851

## INTRODUCTION

**Siragusa, J.** This Federal Tort Claims Act case is before the Court on the government's motion to dismiss for lack of jurisdiction due to improper service of process.  Motion to Dismiss, Apr. 1,  2014, ECF No. 9. For the reasons stated below, the application is granted.

## BACKGROUND

The Court assumes the truth of the facts asserted in the complaint for the purposes of adjudicating this motion, and, with respect to issues concerning personal jurisdiction, matters included in the papers filed in support of, and opposition to, the pending motion to dismiss. Plaintiff alleges he is a United States Citizen who was unreasonably seized and arrested by Border Patrol Protection agents. He is suing the parties in both their official and personal capacities for constitutional claims under *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), under the Federal Tort Claims Act and for common law torts of assault, false arrest, false imprisonment, negligence and intentional infliction of emotional distress. He maintains that he was targeted on April 16, 2010, based on his Hispanic appearance and while assisting the defendant officers in the questioning of a woman in front of *La Casa*, a home for migrant farm workers in Sodus, New York. Plaintiff was handcuffed, frisked and forced to the ground by the officers, and then released after about an hour. No charges were filed against him.

## STANDARDS OF LAW

### *Fed. R. Civ. P. 12*

Federal Rule of Civil Procedure 12(b) provides in pertinent part as follows:

Every defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required. But a party may assert the following defenses by motion:

(1) lack of subject-matter jurisdiction;

(2) lack of personal jurisdiction; . . .

(5) insufficient service of process;

(6) failure to state a claim upon which relief can be granted. . . .

A motion asserting any of these defenses must be made before pleading if a responsive pleading is allowed.

Fed. R. Civ. P. 12(b)(1), (2), (5) & (6).

### Fed. R. Civ. P. 12(b)(1)

A challenge to the Court's subject-matter jurisdiction can be based on the face of the complaint, or on facts outside the complaint. In either event, a plaintiff bears the burden of establishing, by a preponderance, that the Court has the statutory or constitutional power to adjudicate the case. *Luckett v. Bure*, 290 F.3d 493, 496–97 (2d Cir. 2002). The Court may refer to evidence outside the pleadings. *Id.* at 497. "the jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumenta-tive inferences drawn from the pleadings." *Norton v. Larney*, 266 U.S. 511, 515 (1925); *see also Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998) (citing *Norton* for the same principle).

### Fed. R. Civ. P. 12(b)(2)

Similar to subject matter jurisdiction, a plaintiff also bears the burden of establishing by a preponderance that the Court has personal jurisdiction over the defendants, and, again, the Court may rely on evidence outside the pleadings to make its assessment. If the Court does not conduct a "full-blown evidentiary hearing on the motion, the plaintiff need only make a prima facie showing of jurisdiction through his own affidavits and supporting materials." *Marine Midland Bank, N.A. v. Miller*, 664 F.2d 899, 904 (2d Cir. 1981).

***Fed. R. Civ. P. 12(b)(5)***

A defendant may move to dismiss for a plaintiff's failure to comply with Federal Rule of Civil Procedure 4's requirements for service of process. In analyzing a motion under this section, the Court must look to the service requirements of Rule 4, which in this case, are as follows:

**(e) Serving an Individual Within a Judicial District of the United States.** Unless federal law provides otherwise, an individual--other than a minor, an incompetent person, or a person whose waiver has been filed--may be served in a judicial district of the United States by:

**(1)** following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or

**(2)** doing any of the following:

  **(A)** delivering a copy of the summons and of the complaint to the individual personally;

  **(B)** leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

  **(C)** delivering a copy of each to an agent authorized by appointment or by law to receive service of process. . . .

**(i) Serving the United States and Its Agencies, Corporations, Officers, or Employees.**

**(1)** ***United States.*** To serve the United States, a party must:

  **(A) (i)** deliver a copy of the summons and of the complaint to the United States attorney for the district where the action is brought--or to an assistant United States attorney or clerical employee whom the United States attorney designates in a writing filed with the court clerk—or

  **(ii)** send a copy of each by registered or certified mail to the civil-process clerk at the United States attorney's office;

  **(B)** send a copy of each by registered or certified mail to the Attorney General of the United States at Washington, D.C.; and

**(C)** if the action challenges an order of a nonparty agency or officer of the United States, send a copy of each by registered or certified mail to the agency or officer.

**(2)** *Agency; Corporation; Officer or Employee Sued in an Official Capacity.* To serve a United States agency or corporation, or a United States officer or employee sued only in an official capacity, a party must serve the United States and also send a copy of the summons and of the complaint by registered or certified mail to the agency, corporation, officer, or employee.

**(3)** *Officer or Employee Sued Individually.* To serve a United States officer or employee sued in an individual capacity for an act or omission occurring in connection with duties performed on the United States' behalf (whether or not the officer or employee is also sued in an official capacity), a party must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g).

**(4)** *Extending Time.* The court must allow a party a reasonable time to cure its failure to:

**(A)** serve a person required to be served under Rule 4(i)(2), if the party has served either the United States attorney or the Attorney General of the United States; or

**(B)** serve the United States under Rule 4(i)(3), if the party has served the United States officer or employee.

Fed. R. Civ. P. 4(e) & (i).

## ANALYSIS

The Court begins its analysis cognizant of the admonition that, "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, . . ., which is not to be expanded by judicial decree. . . ." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted).

### Fed. R. Civ. P. 4(i)

Defendants asserts that Plaintiff has not served the United States Attorney's Office for the Western District of New York and has not served the Attorney General. Consequently, they maintain that the Court lacks personal jurisdiction and must dismiss the action pur-

suant to Rule 12(b)(2) and (5). Plaintiff counters that service on the United States Attorney and the Attorney General was accomplished through the Court's electronic case filing system (CM/ECF), since the U.S. Attorney General's Office in Washington and the U.S. Attorney's Office in the Western District of New York are registered users of that system, thereby consenting to electronic service. Plaintiff's argument, however, misses the mark. The initial pleading in a lawsuit cannot be served electronically and must be served in the manner specified by Rule 4. As the Fifth Circuit has noted:

> Rule 5 is clerical and administrative in nature. It is captioned 'Service and Filing of Pleadings and Other Papers,' and pertains only to papers 'subsequent to the original complaint.' If the party is represented by an attorney these papers are served only on such attorney unless otherwise ordered by the court.

> On the other hand, Rule 4 is jurisdictionally rooted. It is captioned 'Process' and indicates the manner in which original process is served in variegated situations. In most instances process will be served personally on defendant.

*Ransom v. Brennan*, 437 F.2d 513, 516–17 (5th Cir. 1971); *see also* General Order, *In re: Procedural Rules for Electronic Case Filing* (W.D.N.Y. Oct. 1, 2003) (the Western District of New York order establishing electronic filing was founded under Fed. R. Civ. P. 5). Therefore, no service has been made on the United States Attorney or the Attorney General that complies with Rule 4.

One of Plaintiff's alternate arguments with regard to service on the Attorney General and the United States Attorney for the Western District of New York is that since Defendants had actual notice, service under Rule 4(i) would be superfluous and unnecessary. The Court rejects this argument and points Plaintiff to the Supreme Court's admonishment quoted at the start of this analysis as well as case law from the Seventh, Fifth and Eighth Circuits: "it is well recognized that a 'defendant's actual notice of the litigation . . . is insufficient to satisfy Rule 4's requirements." *Mid-Continent Wood Products, Inc. v. Harris*, 936

F.2d 297, 301 (7th Cir. 1991) (quoting *Way v. Mueller Brass Company*, 840 F.2d 303, 306

(5th Cir. 1988) and citing *Sieg v. Karnes*, 693 F.2d 803, 807 (8th Cir. 1982)).

Plaintiff's other alternate argument is that he be granted additional time pursuant to

Rule 4(i)(4) to cure his failure to comply with the service requirements. That rule reads as

follows:

> (i) Serving the United States and Its Agencies, Corporations, Officers, or Em-
> ployees. . . .
>
>  (4) *Extending Time.* The court must allow a party a reasonable time to cure
> its failure to:
>
>> (A) *serve a person* required to be served under Rule 4(i)(2), *if* the party
>> has served either the United States attorney or the Attorney General of the
>> United States; or
>>
>> (B) *serve the United States* under Rule 4(i)(3), *if* the party has served the
>> United States officer or employee.

Fed. R. Civ. P. 4(i)(4). Because Plaintiff has not served the United States, subparagraph

(A) does not apply to permit an extension of time to serve "a person," that is, an employee

of the United States.

Subparagraph (B) would permit an extension for a reasonable time to serve the

United States *if* Plaintiff has successfully served "the United States officer or employee."

The Defendants concede that Winkowski, Dion, McIvor and Bell each has been served.

However, they contend that the Court should not grant an extension to cure the defect be-

cause Plaintiff has failed to take any steps to serve the United States since Defendants

pointed out his deficient service by an email dated March 13, 2014. Cerrone Aff. ¶ 5, May

16, 2014, ECF No. 19. In support of its argument, Defendants rely on *Kurzberg v. Ashcroft*,

619 F.3d 176, 184 (2d Cir. 2010), in which the Second Circuit wrote concerning the "rea-

sonable time" provision in Rule 4(i), saying:

Other circuits faced with this issue have concluded that notification to the plaintiff by the defendant, rather than by the court, of a defect in the service of process is sufficient to start the clock on the reasonable amount of time afforded to the plaintiff to cure the defect. *See Flory v. United States*, 79 F.3d 24, 25 (5th Cir. 1996) (*per curiam*) ("By raising the defense of defective service well within the expiration of the 120-day period allowed for service . . . *the United States* allowed plaintiff [] time to cure the defect, which she did not do." (emphasis added)); *Tuke v. United States*, 76 F.3d 155, 158 (7th Cir. 1996) (concluding that cure provision would not avail a plaintiff who failed to serve the Attorney General after being told twice—once by defense counsel, and once by an incorrect recipient of the summons and complaint, but neither time by the district court—that his service of process was defective); *see also Hawkins v. Potter*, 234 F. App'x 188, 189 n.1 (5th Cir. 2007) (*per curiam*) ("There is no legal requirement that a district court notify the party regarding an insufficiency of service before deciding a reasonable time to cure has past. . . . [N]otice from [the] other party [is] sufficient.").

We find no authority to the contrary, and reach the same conclusion. Indeed, if we were to accept the plaintiffs' proposed requirement of an "official determination" by the court that service of process was defective before the cure provision was triggered, this would effectively require that a motion to dismiss for failure to serve process be granted only after such a motion had already been made once and denied for the purpose of affording the plaintiff a reasonable time to cure. We do not see why, as a practical matter or in the interests of judicial economy, that should be the case. There is nothing we perceive to be inherently wrong with requiring plaintiffs to adhere to a rule of procedure when their failure to do so has been correctly pointed out by an adversary.

*Kurzberg*, 619 F.3d at 185.

From the date of the Defendants' email to Plaintiff's counsel, March 13, 2014, until the date Defendants filed their motion to dismiss, April 1, 2014, 19 days expired, and from April 1, 2014, until the date of oral argument, May 29, 2014, 58 days have expired. During that entire time, Plaintiff has taken no steps to cure the defective service. Therefore, even though subparagraph (B) applies, the "reasonable time" to cure the defect has already expired. Consequently, the Court finds that Plaintiff has failed to serve the United States Attorney and the Attorney General of the United States in compliance with Rule 4(i).

**Fed. R. Civ. P. 4(e)**

Defendants also argue that Plaintiff has failed to serve some of the individual de-
fendants pursuant to Rule 4(e)(1) and the applicable State rule, N.Y. C.P.L.R. § 308(2),
New York's "leave and mail" service. No evidence shows that Napolitano or Sandweg have
been served. *See* Affidavits of Service, ECF No. 8. Service on Robles was left at his former
office from which had six days earlier retired, and mailed to the same address. The office
where Plaintiff's process server left and mailed the papers was no longer Robles' place of
business. N.Y. C.P.L.R. § 308(2). *See Continental Hosts, Ltd. v. Levine*, 170 A.D.2d 430
(N.Y. App. Div. 2d Dep't 1991) (defendant sold his accounting practice and vacated that
office upon his retirement in 1981, thus it was not his actual place of business); *Balendran
by Balendran v. North Shore Med. Group, P.C.*, 251 A.D.2d 522, 523 (N.Y. App. Div. 2d
Dep't 1998) ("appellant had retired from [his] practice on June 30, 1993, and . . . North
Shore Medical Group was no longer the appellant's actual place of business"). Therefore,
Robles was not properly served.

Although Winkowski, Dion, McIvor and Bell were personally served under Rule 4(e),
Rule 4(i)(3) states,

> To serve a United States officer or employee sued in an individual capacity
> for an act or omission occurring in connection with duties performed on the
> United States' behalf (whether or not the officer or employee is also sued in
> an official capacity), *a party must serve the United States* and also serve the
> officer or employee under Rule 4(e), (f), or (g).

Fed. R. Civ. P. 4(i)(3). Because Plaintiff has not served the United States, service on Win-
kowski, Dion, McIvor and Bell is incomplete. Once again, the reasonable time to cure has
expired. *Kurzberg*, 619 F.3d at 185.

**Fed. R. Civ. P. 4(m)**

Defendants also point out that Plaintiff has not complied with Rule 4(m), which reads in pertinent part as follows:

> If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). Plaintiff filed the complaint on April 11, 2013, making the 120th day August 9, 2013. As of the date of oral argument of this motion, May 29, 2014, Plaintiff has not complied with Rule 4(i) by serving the United States Attorney or the Attorney General. As pointed out by Assistant U.S. Attorney Michael S. Cerrone, he notified Plaintiff's counsel on March 13, 2014, that service was not complete. Cerrone Aff. ¶ 5, May 16, 2014, ECF No. 19. The issue the Court must address under Rule 4(m) is "good cause."

With regard to "good cause," the Supreme Court discussed the time limit in Rule 4(m), which was instituted in a 1983 revision to the Rules, in *Henderson v. United States*, 517 U.S. 654 (1996), a case involving a conflict between Rule 4(m) and the Suits in Admiralty Act. The Supreme Court observed that:

> Rule 4 changes made operative in 1983 completed a shift in responsibility for service from the United States marshals to the plaintiff. *See* Mullenix, Hope Over Experience: Mandatory Informal Discovery and the Politics of Rulemaking, 69 N. C. L. Rev. 795, 845 (1991). With marshals no longer available as routine process servers, the Judicial Conference considered a time control necessary; the Conference proposed, and this Court approved, 120 days from the filing of the complaint as the appropriate limit. Congress relaxed the rule change by authorizing an extension of the 120-day period if the party responsible for service showed "good cause." *See supra*, at 661; 128 Cong. Rec. 30931-30932 (1982), reprinted in 28 U.S.C. App., p. 647.
>
> Most recently, in 1993 amendments to the Rules, courts have been accorded discretion to enlarge the 120-day period "even if there is no good cause shown." See Advisory Committee's Notes on Fed. Rule Civ. Proc. 4, 28

> U.S.C. App., p. 654. n10 And tellingly, the text of Rule 4 sets out, as "[a] spe-cific instance of good cause," *ibid.*, allowance of "a reasonable time" to "cur[e] the failure to serve multiple officers . . . of the United States if the plaintiff has effected service on either the United States attorney or the Attorney General" within the prescribed 120 days. Fed. Rule Civ. Proc. 4(i)(3).

> The Federal Rules thus convey a clear message: Complaints are not to be dismissed if served within 120 days, or within such additional time as the court may allow. Furthermore, the United States acknowledges that . . . Rule 4's extendable 120-day time prescription applies to the full range of civil liti-gation, including cases brought against the United States under the Federal Tort Claims Act, 28 U.S.C. § 2675.

*Henderson*, 517 U.S. at 662–63 (ultimately holding that Rule 4(m) displaced the "forthwith" language in the Suits in Admiralty Act § 2).

The Second Circuit has also addressed the time limit in Rule 4(m) and the require-ment to show good cause in its decision, cited by the government, in *Zankel v. United States*, 921 F.2d 432 (2d Cir. 1990). There, the Second Circuit held that in order to justify an extension to the 120-day limit for service, the plaintiff must show good cause, or meet a four-part test. In other words, even if a plaintiff fails to establish good cause, the court, in its discretion, could grant an extension if  four requirements are met. Those four requirements are:

> If (1) necessary parties in the government have actual notice of a suit; (2) the government suffers no prejudice from a technical defect in service; (3) there is a justifiable excuse for the failure to serve properly; and (4) the plaintiff would be severely prejudiced if the complaint were dismissed, then the courts should not construe Ruel 4(d)(4) so rigidly as to deny plaintiffs relief from dismissal because of a 'technical defect in service.'"

*Zankel*, 921 F.2d at 436 (quoting *Jordan v. United States*, 694 F.2d 833, 836 (D.C. Cir. 1982). In *Zankel*, however, "Plaintiffs actually effected at least partial service upon the Unit-ed States a week after filing, by delivering the summons and complaint to the United States Attorney." *Zankel*, 921 F.2d at 436.

Subsequently, Judge Denis R. Hurley observed in *Hertzner v. U.S. Postal Service*, No. 05-CV-2371 (DRH) (ARL), 2007 U.S. Dist. LEXIS 19691 (E.D.N.Y. Mar. 20, 2007), that two types of extension to the 120-day limit are available: the extension explicitly in Rule 4(m), and a discretionary extension, mentioned in the Advisory Committee notes and supported by *Reese v. University of Rochester*, No. 04-CV-6117T(FE), 2005 U.S. Dist. LEXIS 44844, 2005 WL 1458632 (W.D.N.Y. June 25, 2005). In *Reese*, Judge Michael Telesca of this Court, stated that "[g]ood cause will not be found where, as is the case here, the omission is the product of an attorney's inadvertence, neglect, mistake or misplaced reliance." *Id.* at 2005 U.S. Dist. LEXIS 44844 *3. He discussed allowing a discretionary extension, writing:

> Nonetheless, a court may still extend a plaintiff's time for service absent a demonstration of good cause. *Sleigh v. Charlex, Inc.,* 2004 U.S. Dist. LEXIS 19118, 20004 WL 2126742, *5 (S.D.N.Y.2004) (citing *Eastern Refractories Company, Inc.,* 187 F.R.D. at 506). Before so doing, the court should consider whether: (1) any applicable statutes of limitations would bar the action once refiled; (2) the defendant had actual notice of the claims asserted in the complaint; (3) defendant attempted to conceal the defect in service; and (4) defendant would be prejudiced by extending plaintiff's time for service. *Id.* Based on the facts presently before me, plaintiff is entitled to a discretionary extension.
>
> First, if plaintiff's claims were dismissed, she would be unable to maintain her action because the statute of limitations under the ADA would have run. That fact alone may constitute cause for a discretionary extension. *See Johnson v. Fleet,* 371 F. Supp. 2d 155, 2005 WL 1353611, *2 (D.Conn.2005). Second, since plaintiff served defendant a mere 17 days after her time to serve had expired, defendant will suffer little, if any, prejudice as a result of the delay in service. As such, I find that these factors warrant a discretionary extension of time and hereby deem plaintiff's service of the summons and complaint upon defendant on August 6, 2004, as timely.

*Reese*, 2005 U.S. Dist. LEXIS 44844, *4–5. In *Johnson*, the district court determined that dismissing the *pro se* plaintiff's case under Rule 4(m) could not be accomplished "without

prejudice," since the 90-day limit to file an employment discrimination action after receipt of the right to sue letter had already run, thereby effectively making any dismissal of the action with prejudice. *Johnson v. Fleet*, 371 F. Supp. 2d at 157–58. A similar result would occur here, since Plaintiff has argued that the 120-day filing period has lapsed and the three-year statute of limitations has expired. Pl.'s Mem. of Law at 11, Apr. 25, 2014, ECF No. 16.

Plaintiff's counsel's failure to serve the United States Attorney or the Attorney General is not good cause. Therefore, a "good cause" extension is not available. With regard to a discretionary extension, the Court reaches the same conclusion as that reached by the Eastern District in *Hertzner*. Looking at the four-part test from *Zankel*, (1) the government concedes that they had actual notice[1]; (2) the government would suffer prejudice, since a dismissal at this stage would end the litigation as a result of the statute of limitations; (3) Plaintiff has presented no justifiable excuse for failure to serve properly; and (4) Plaintiff would be severely prejudiced from a dismissal. As to the third factor, at oral argument, Plaintiff's counsel stated that he had sent notice to the United States Attorney via First Class mail and that Defendants' email of March 13, 2014, failed to detail how service was incomplete, and no details were provided in follow up communications Plaintiff's counsel sent to the Assistant United States Attorney. Even if the Court assumes as true Plaintiff's counsel's representation that a summons and complaint were sent by First Class mail to the United States Attorney for the Western District of New York, such service would be insufficient. *Kurzberg v. Ashcroft*, 619 F.3d 176, 181–82 (2d Cir. 2010) ("They did, however, attempt to serve the United States three days before the time period expired by sending a

---

[1] At oral argument, Assistant U.S. Attorney Cerrone denied that the U.S. Attorney's Office had been served and informed the Court that the office received notice from the individuals who had been served.

copy of the summons and complaint by first-class mail to the mailing address for the Attorney General at the Department of Justice; the attempt was insufficient because it did not make use of registered or certified mail.").

## CONCLUSION

Defendants' motion, ECF No. 9, to dismiss is granted pursuant to Federal Rule of Civil Procedure 4 without prejudice. In light of the Court's determination, it does not address the additional points in support of dismissal raised by Defendants and opposed by Plaintiff. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   June 5, 2014
         Rochester, New York

         ENTER:

                                        /s/ Charles J. Siragusa
                                        CHARLES J. SIRAGUSA
                                        United States District Judge